Ullrich v. The People.

## Henry Ullrich v. The People of the State of Illinois.

### Gen. No. 13,436.

MUNICIPAL COURT—*when without jurisdiction to try criminal case.* The Municipal Court of Chicago has no jurisdiction to try a case transferred to it by the Criminal Court of Cook county, where the indictment charges an offense committed at and within said county, but does not allege it to have been committed within the city of Chicago.

Criminal prosecution for obtaining money under false pretenses. Error to the Municipal Court of Chicago; the Hon. F. L. FAKE, Jr., Judge, presiding. Heard in this court at the March term, 1907. Reversed. Opinion filed October 28, 1907.

CHARLES G. NEELY, for plaintiff in error.

JOHN J. HEALY, State's Attorney, and F. L. BARNETT, for defendant in error.

MR. JUSTICE BROWN delivered the opinion of the court.

The plaintiff in error, Henry Ullrich, was indicted at the June term of the Criminal Court of Cook county for obtaining money under false pretenses. The indictment alleged that the offense was committed in Cook county, in the State of Illinois, where the venue

was laid and a resident of which the defendant was described to be.

The cause was, on motion of the state's attorney, on December 13, 1906, transferred to the "Municipal Court of Chicago" by an order of the Criminal Court.

The defendant was arraigned in the Municipal Court on said thirteenth day of December, and pleaded not guilty, and was tried by a jury, which on the following day found him guilty. On December 22, 1906, the Hon. Frederick L. Fake, Jr., presiding in the Municipal Court, overruled a motion for a new trial made by the defendant, and on December 29, 1906, denied a motion in arrest of judgment, and on that day sentenced him to the House of Correction in the city of Chicago for eight months, and also to pay a fine of $1,500 and the costs and to restore the property fraudulently obtained.

The defendant sued out a writ of error from this court and applied to have the same made a *supersedeas.* This was ordered on December 29, 1906, and the plaintiff in error admitted to bail.

The writ of error is now before us for disposition.

The Supreme Court of Illinois, in Miller v. The People, 230 Ill. 65, has decided that the Municipal Court of Chicago has no jurisdiction to try a case transferred to it by the Criminal Court of Cook county, where the indictment charges an offense committed at and within said county, but does not allege it to have been committed within the city of Chicago. In that case the Supreme Court for this reason reversed a judgment of the Municipal Court, which sentenced Miller to the penitentiary.

We must reverse the judgment of the Municipal Court in the cause at bar for the same reason. We have no power to remand the cause to the Municipal Court, which has no jurisdiction of it, nor to the Criminal Court, from which it did not come to us. But the Municipal Court will doubtless, of its own motion or that of the state's attorney, send back the

indictment to the Criminal Court, whose transfer of the cause to the Municipal Court was erroneous and invalid.

*Reversed.*